**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CEDRIC STEPHEN SMITH,<br><br>            Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>            Defendants. | Case No. CV 12-8186-JFW (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    Under 28 U.S.C. § 636, the Court has reviewed the Complaint, records on file, and Report and Recommendation of the U.S. Magistrate Judge. On August 4, 2014, Plaintiff filed objections to the R&R. The next day Defendants filed a response.

    The only aspect of the R&R that Plaintiff contests is its conclusion that his 42 U.S.C. § 1983 claim is barred by the statute of limitation. He contends that his 33-day reincarceration near the end of the two-year limitation period tolled the statute once again, rendering the complaint timely. (Objections at 3.) But as Respondent points out (Resp. at 2), periods of reincarceration do not toll the limitation period because under California law the particular disability must exist "at the time the cause of action accrued." See Cal. Civ. Proc. § 352.1(a); see also Elliott v. City of Union City, 25 F.3d 800,

1

1  803 (9th Cir. 1994) (noting that tolling applies to
2  "uninterrupted incarceration").  In almost identical
3  circumstances but under a similar Oregon law, the Ninth Circuit
4  held that a prisoner's period of disability "ceased" when he was
5  paroled and "[h]is subsequent reincarceration did not reinstate
6  the tolling statute."  <u>Boag v. Chief of Police, City of Portland</u>,
7  669 F.2d 587, 589 (9th Cir. 1982); <u>see also</u> <u>Keith v. Cal. Dep't
8  of Corr. & Rehab.</u>, No. 2:12-cv-1797 JAM CKD PS, 2013 WL 322111,
9  at *2 (E.D. Cal. Jan. 25, 2013) (applying <u>Boag</u> under § 352.1).
10 Accordingly, Plaintiff's period of reincarceration cannot render
11 his complaint timely, and the Court accepts the findings and
12 recommendations of the Magistrate Judge.
13     IT THEREFORE IS ORDERED that (1) Defendants' motion for
14 summary judgment is GRANTED, (2) summary judgment be entered in
15 favor of Defendants, and (3) this action is DISMISSED WITH
16 PREJUDICE.

DATED: August 11, 2014

_____
JOHN F. WALTER
U.S. DISTRICT JUDGE